Eric Watkins
10814 NW 40th Street
Sunrise, Florida 33351

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC WATKINS
    Plaintiff,

vs

BROWARD SHERIFF DEPUTY,
EUGENE E. MOBLEY And
the BROWARD SHERIFF'S
OFFICES,
    Defendants.

CASE NO 15cv60514 wpd/lss

Civil Rights Complaint
Pursuant to 28 USC:
1331 and 42 USC: 1983

## JURISDICTION

(1) Eric Watkins (Plaintiff) is a resident of Florida whose mailing address is 10814 NW 40th Street, Sunrise Florida 33351.

(2) Defendant Deputy Eugene E. Mobley is a resident of Florida and is employed as a Broward County Broward Sheriff Deputy at the

1 OF 10 pp.

SCANNED

Broward Sheriff Office 2601 West Broward Boulevard FT. Lauderdale, Florida 33312. At the time the claim(s) alleged in this complaint arose, the defendant was acting in his individual and official capacity while on duty as a BSO deputy and or while in BSO uniform. Thus Plaintiff is suing him in his individual and official capacity.

(2) Defendant, Broward Sheriff Office, is a resident of Fort Lauderdale, Florida and is the Broward County's Sheriff's office located at 2601 West Broward Boulevard, FT. Lauderdale, Florida 33312. Plaintiff is suing this agency in its official and individual capacity.

Jurisdiction is invoked pursuant to 28 USC § 1331 and 42 USC § 1983

## Nature of Case

This case involve a violation of plaintiff's Fourth Amendment Right via an arrest for the alleged crime of Disorderly intoxication and resisting officer without violence where no probable cause existed for the arrest and a violation

2 of 10 pp

of Plaintiff's Eighth Amendment right via illegally tasering plaintiff all occuring on March 14 2012.

### Cause of Actions

I. allege that my claims arise under the following constitutional provisions or laws of the United States and that the following facts form the basis of my allegations:

### Counts one

It is plaintiff's complaint that on March 29, 2012 defendant Eugene E Mobley (Hereafter Defendant, Defendant Mobley or Mobley) while on duty as a Broward Sheriff deputy in uniform and or doing security for the South Rock Cafe - a night club - did willfully violate plaintiff's Fourth Amendment right to be free from unlawfull arrest - that is, an arrest without probable cause, when he arrested Plaintiff for disorderly intoxication, §856.11, and for resisting officer without violence to his or her person - §843.02 - Prior to that moment of arrest there was no factual or circumstantial evidence that plaintiff was intoxicated, or that the public or officer's safty was endangered or that the officer was engaged in the lawful execution of a legal duty or that plaintiff actions constituted obstruction

3 OF 10 pp

or resistance of the defendants execution of a legal duty. Ultimately plaintiff was acquitted, by court, via judgment of acquittal of the charge of resist/obstruction w/o violence and the state did not prosecute the disorderly intoxication charge. As a result of these illegal arrest, supra, plaintiff was tasered and placed in jail. Hense, plaintiff suffered great physical pain throughout his body at the time of tasering. Plaintiff was hit with the taser in the left side of his neck which spun his body 360 degrees around dropping him on the left side of his face and head on the concrete floor. At that time plaintiff experienced alot of pain from the side of his face and head which after a couple of hours swelled considerably. Plaintiff remained in this pain for approximately two weeks. Plaintiff also suffered immediate neck pains and to this day is still suffering from neck pains and twitching. This is the results of being stryck in the neck and how that hit caused plaintiff to wring his neck. Plaintiff also suffered mentally for 30 months. At the time of and after the tasering and imprisonment, plaintiff was emotionally distressed in that plaintiff was frightened to the point of trembling on the pavement of the street after being tased. Plaintiff also experienced anxiety and worrying about what had happened to him and its possible after effect. This emotional distress caused plaintiff cry while being taken

to the hospital and at the hospital. While in jail Plaintiff suffered anxiety and worry over whether he would be able to post bail and how long he'll remain in jail. Plaintiff was unable to eat at this time. After plaintiff was bonded out for almost a year and a half after the tasering and arrest plaintiff had many sleepless nights, depressed and worrying over what the out come of his case would be and its effects on Plaintiff and continually reflecting on the tasering. Plaintiff continually got flash backs of the taserips that would keep him up paranoid, frightened and worried. Plaintiff also suffered hardships of having to wait 30 months before the case could be tried and had to continually borrow money from family and friends to pay for gas and toll fees so that he could meet his court dates. This false arrest also contributed to him not being able to get a job. The Tasering and arrest cause Plaintiff embarrassment and humiliation in that it was done infront of people some of whom laughed at Plaintiff.

## Counts two

It is plaintiff's complaint that on March 29, 2012 defendant officer Mobley did willfully violate plaintiff's Eight Amendment right to be free from cruel and unusual punishment, by way of excessive force and

deliberate indifference to a known or potential danger to plaintiff, and his Forth Amendment right not to be tasered except upon a justifiable governmental interest when the defendant tasered Plaintiff, onspited of the fact that no justifiable governmental interest existed to justify tasering Plaintiff and where plaintiff did not physically or verbally threaten the defendant or any other person or property, never resisted or refused an arrest or valid order of the officer or was warned of any violation prior to being tasered but was tased because Plaintiff - according to the defendant - "kept yelling that he didn't have to leave" inspited of the officer's numerous orders to leave the premisses - but plaintiff did not do such, supra. As a result of the tasering plaintiff suffered great paralysing pain throughout his body, but specifically his neck and left side of his face and head and suffered mental and psychological distress as he described and demonstrated under counts one - no need to repeat here.

### Supporting Facts

On March 29, 2012 at approximately 11:00 pm Plaintiff patroned the South Rock Cafe night club which is located in the Lauderdale Lakes shopping center off of 441 North of Oakland Park Blvd.

6 of 10 pp.

Some time after 12 am a male patron to the club and a security Gaurd for the Club approached plaintiff in the club and started a verbal altercation with plaintiff because the male patron did not like plaintiff speaking to his girl friend. During the altercation, supra, the Security physically put plaintiff out of the Club. Once outside of the club plaintiff walked south on the outside shopping center walk way and approached officer Mobley (defendant) who was standing in that location away from the Club and was in his BSO Deputy uniform. Plaintiff approached defendant Mobley and stood approximately five feet infront of him and complained that the security gaurd had unfairly put him out of the Club and asked the defendant if he could investigate the issue. In an aggressive angry tone the defendant told plaintiff to get into his car and leave while pointing in the direction of where plaintiff's car was parked. At this point plaintiff backed up from the defendant a few steps and stated "so you can't just investigate why the security put me out of the Club. I did not do any thing wrong." The defendant got more irate in attitude and sternly repeated to plaintiff get into your car and leave. Stunned by the officer's reaction to me I backed up some more turned to the Female officer, that was

7 of 10 pf.

...
...

also standing on the sidewalk down from the club but away from the defendant, and said to her all I'm asking is that the other investigate why the security put me out of the club because I didn't do anything wrong. While speaking to the other officer, the defendant tased me at the left side of my neck. The taser knocked me off my feet to the ground and onto the left side of my face and head. Immediately Plaintiff began to experience a lot of pain in his neck and left side of his face and head. A few hours later the left side of plaintiff's face and head became considerably swollen and he remained in pain. Ever since the tasering plaintiff's neck continues to pain him and he now has neck twitches. During the tasering plaintiff was in great paralysing pains. He thought he was getting a heart attack. Plaintiff did not know what had happened at the time he thought he was shot. Once on the ground Plaintiff heard the defendant order him to put his hands behind his back and plaintiff immediately complied with the order. I was then place in a fire rescue ambulance and taken to the hospital where the taser prongs was taken out of his neck. All this time plaintiff remained in pain from his neck and left side of his face and head. Plaintiff was then

taken to Jail where he resided until he made bail a couple of days later. For approximately two weeks after the tasering plaintiff continued to experience neck pains from the area of his neck where he was tased, other areas of the neck that was affected by the tasering and twitching of the neck which he continues to experience to this very day. For a whole year and a half subsequent to the arrest and tasering had trouble sleeping due to uncontrollable memory reflection on the tasering. Plaintiff was embarrassed and humiliated by the tasering and the arrest as they were done in front of other persons outside of the Club and in the shopping center.

Plaintiff request a Jury trial in this case.

Relief requested

Plaintiff believes that the defendant should pay him one million dollars ($1,000,000.00) for the stated constitutional violations and the physical and mental injuries he suffered as result, including his incarceration.

Respectfully submitted this 12 day of

9 of 10 pg.

March 2015

Eric Watkins
10814 NW 40th street
Sunrise, Florida 33351

Declaration under penalty
of perjury

I Eric Watkins, the Plaintiff, declare under the penalty of perjury that, I have read the above complaint and that the information contained in it is true and correct to best of my knowledge pursuant to 28 U.S.C. § 1746 and 18 USC § 1621

Executed at Ft. Lauderdale, Florida on March 12, 2015

/Eric Watkins

10 OF 10 pp.